UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-5800-DMG (Ex) | Date | October 20, 2021 |
|---|---|---|---|
| Title | *Michael A. Baker v. Urs Wehinger, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE RE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [136]**

On July 30, 2021, Plaintiff Michael Baker filed a Motion for Partial Summary Judgment ("MSJ"). [Doc. #136.] Defendants did not file an opposition, and the Court took the motion under submission on September 16, 2021. [Doc. # 144.]

The Ninth Circuit has made clear that a nonmoving party's failure to oppose a motion for summary judgment "does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law." *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (discussing grant of summary judgment for failure to file an opposition in violation of a Local Rule). Nonetheless, the Court may grant an unopposed motion for summary judgment if the movant's papers demonstrate that it has met its summary judgment burden. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

Pursuant to Local Rule 56-1 and this Court's Standing Order, Baker filed a Statement of Uncontroverted Facts ("SUF") in support of his MSJ, citing to evidence to support those facts. [Doc. # 136-1.] In support of critical facts, however, Baker cites only to a declaration he submitted in support of a different motion, to paragraphs that do not support the proposition for which he adduces them. *See* SUF 12 (no statement in prior declaration regarding Defendant Wehinger's failure to take steps to protect Burnison). In support of other essential facts— including facts regarding Baker's difficulty repatriating Burnison's purported assets, which should be within Baker's personal knowledge—Baker cites only to his state court complaint. *See* SUF 13-15.

Baker notes in his MSJ that a three-judge panel of the Singapore International Commercial Court found the purported trust agreement between Weber and Burnison enforceable, and found that Weber had breached the agreement, breached a fiduciary duty to Burnison, and conspired against Burnison and her estate by claiming the assets purportedly held

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-5800-DMG (Ex) | Date | October 20, 2021 |
| Title | *Michael A. Baker v. Urs Wehinger, et al.* | Page | 2 of 2 |

in trust. [*See* Doc. # 84-2.] Baker appears to have presented evidence in support of his claims in that proceeding, including evidence regarding Wehinger, but that evidence was not presented here.

The Court cannot grant Baker's MSJ without adequate evidence to support Baker's claims. Baker is hereby **ORDERED** to show cause by **November 1, 2021** why the MSJ should not be denied for failure to provide admissible evidence in support of purported undisputed facts. The submission of declarations, documentary evidence, or other evidence he possesses to support the aforementioned facts by **October 29, 2021** would be deemed a satisfactory response.

**IT IS SO ORDERED**.